May it please the Court. Good morning. My name is Jason Baker. On behalf of Appellants, I'd like to reserve two minutes of time if I can. Very good. Plaintiffs in the proposed class here were sold cars with defective brakes, and that point is not in dispute. This appeal, like the case below, is not about the two representative plaintiffs and whether their individual vehicles were repaired by Toyota after the complaint was filed and after the letter under the Consumer Legal Remedies Act was sent. The district court didn't rule on that basis, and if it had, it would have been an error, both for ignoring the picked-off line of cases that dissuade companies from just picking off representative plaintiffs and from precluding plaintiffs from having leave to amend, even once, to amend in new plaintiffs who hadn't yet been picked off by the defendants. What this appeal is about is two things. First, the real dispute here is whether, on these facts, the injury pled in the complaint was so speculative that it could not sustain a cause of action, that the plaintiffs couldn't, didn't have standing. And second, it's about whether, if the facts pled were insufficient, plaintiffs should have been offered even one chance to amend their complaint after it was challenged by a motion to dismiss. If you were afforded that opportunity, what kind of economic theory would you have pled in your amended complaint? Well, in terms of economic theory, we would have pled, and I think we did plead it somewhat in the first amended complaint, which is that a car with defective brakes is worth less than a car without defective brakes. Toyota admitted in this case, by issuing a recall to 19 states it thought were cold enough, that this was a serious defect and it was dangerous, at least in those states. We contended it was dangerous in other states, too, and, frankly, there is no evidence in the record, appropriate in the record, about under what temperatures this defect might manifest. So we would say, look, even under Toyota's best-case scenario, that the 19 cold-weather states, as they call it, were inappropriate for these cars to be driven without the brake defect being fixed. That is an impairment of the fundamental purpose of a car, which is to be able to travel. Let me ask you, just to cut you off for a minute. So you were saying any time you have a defective product, a car, you not only are entitled to rely on warranties or to have it repaired, but you also have a cause of action because the car was not worth as much as what you paid for it because it turns out they've had a defect? Yes, I think that's right. I think those two points are independent, but Toyota wouldn't repair this under the warranty originally. But, yes, I think that if Toyota sells a car with a defect, especially a serious defect that impairs its fundamental purpose, and that's different from, like, the Whitson defect, the Bumbo defect. This is a defect, part of the purpose of a car is to be able to travel, and if it can't travel, it's in at least 19 states. If its brakes don't work and a fundamental piece of the car doesn't work. I think maybe the other, maybe you can enlighten me if there's a case that supports this, but I think you seem to be mixing a little bit of the theories up, but I thought your theory you were expressing initially was you can't resell a car even if it's been repaired for as much money as you would have because it's defective. Is that your theory or not your theory? No, I don't think so. I think that's true, and I think we could have amended to plead that had the court dismissed and said, look, you aren't having, you know, I haven't plied enough of an economic theory. So let's take Toyota's primary argument. The car is repaired, the defect is gone, where's the economic injury? And this is kind of what I tried to start out with is if Toyota were to repair all the cars for all the class like they should have, you're right, there wouldn't be an injury, I don't think. But the fact is they repaired only the representative plaintiff's cars, and that was after the complaint was filed, after the CLRA letter was sent. And they still wouldn't, they did it in a way where they did it when the plaintiffs, the lead plaintiffs, the proposed lead plaintiffs brought their cars in for an oil change. Other members of the proposed class didn't have that opportunity. All they got was a letter that said, look, there's this action, there's this recall going on in some other states. Aren't you contradicting yourself? You said there wouldn't have been a problem if they had gotten the notice out to everybody, and then you said, but there are these injuries that you have which are based on the fact your car is worth less over time because you have a defective car. Right. So the difference there is we claim that the defective, the notice was deceptive, was unclear, intentionally unclear, so that people in the non-recall states, see, they got a separate recall notice. The one in the 19 states said, hey, your car is defective, bring it in. The folks in the other states, not the cold weather states, including our plaintiffs, got a separate special service campaign notice that we allege was deceptive. People didn't know enough to get their car fixed. Assuming that the appropriate state law applies, I mean, the one that's involved in this case, if it was a cold weather state and they got a warning and they said, bring it in, we'll fix it, and they fix it, is there a cause of action there under the law of all here? No. No. And, in fact, this proposed class doesn't include people who got the correct warning in the cold weather states. They got a warning that said, clearly, your car is defective, come in, bring it in, fix it. But weren't their cars worth less, too, because at some point they did have a defective car that didn't have the brakes that it should have had? So can you still make the argument that they've got a cause of action? I think that because Toyota repaired the defect, and assuming it was properly repaired, it would be okay. The problem is that this case is brought on behalf of people whose defect wasn't repaired. If Toyota would repair, would tell all the people in the proposed class, clearly, you've got a defective car, bring it in for repair, and they would have it repaired, we wouldn't have a case here. The named plaintiffs have already had their – those are the claims we're looking at right now, right? Well, not exactly, because there's a longstanding policy that a company can't just take the named plaintiffs and treat them differently than other proposed class members, because it's such an easy thing to do to say, all right, look, you guys have a class action. Sure, we'll repair your two cars. We'll save a lot of money by not repairing the other folks' cars and not telling them that their cars are defective in a clear way that they can understand. Well, it seems to me, and I'm just trying to get your argument down here, it seems to me that you're really saying, then, if Toyota made an offer available in all states, free of charge, to repair, that your claim would go away? I think that's right. All of the claim? Yes. So if that's what you're – If it was clear. If that's what you're suggesting, then, have I got to look at what offer they did make and determine whether that satisfies what you really think you should have been given? I think so. I think one of the fundamental allegations in the complaint is that the special service campaign notice was different and deceptively different than the notice that the folks in the cold-weather state got, and it was done to save money because they didn't want people to get the fix in the non-cold-weather states. Let me ask you another question. This case is really here on standing. Do you agree that this is really a factual challenge to standing? No, I don't. Why? Because – and, in fact, the wording is in defendants' briefs below where they say – Just a minute. Answer my question. Why is it not a factual challenge? They say which is factual and which is not, because if it were a proper factual challenge, they would have – they did make a factual challenge and said – the factual challenge they didn't make is about the weather and how likely this was to happen. Well, but just a minute. It's my understanding that a factual challenge happens when the court receives information in making this decision which is broader than the complaint. Right. So, in this particular case, the court received and considered information broader than the complaint. So it seems to me that in that situation, didn't you have an obligation to do more than just rest on what you alleged in the complaint? If that – there were two sets of information. There was a factual challenge on the point that these two plaintiffs' cars had been repaired. We didn't challenge that fact. Their car was repaired. Well, there was other information. But there was other – there was other information. Also presented.  There was other information. But nonetheless, your challenge was only to either strike it or whatever. You didn't present any information relying only then on the allegations of your complaint. Right. And I guess if I understand factual challenges, you don't have any right to rely on the allegations in your complaint at a factual challenge. I think that's right if the factual challenge is made correctly. The district court ruled that we – and struck all the information on the weather and on the likelihood of this defect manifesting. And it did so not only because the evidence was submitted improperly, but because defendants conceded on that point. They said – Well, then what you're really telling me is because there is no evidence presented by them on this factual challenge, you had no duty to present any factual information? I think that submitting – I mean, my worry is this. I have Lujuan, which I have to think about, because they talk about exactly when standing happens and when it doesn't. And in Lujuan it says if this is totally on the complaint, then I give this plaintiff the benefit of the doubt as to what he alleges. But we've moved past that. They didn't just challenge your complaint. They added information in this particular matter. They've submitted affidavits. The district court didn't ignore those. The district court looked at those and determined what to do in those. So it seemed to me at that point, even with Lujuan, you had a responsibility to come forth with something which you never did. So why is not the district court correct? You had no standing. I think the district court shouldn't have looked at it because defendants conceded the point and it was improperly submitted evidence. It's not a correct factual challenge. But also, we did have two things. It's awfully easy for a very big corporation who has all the evidence before discovery to come up and say and offer blank allegations. But secondly, we did have some evidence. I mean, you plead a complaint based on. What evidence did you have other than the pleadings of your complaint? Well, the pleadings of the complaint is a big deal at the complaint stage. But we also had. Did you even verify the pleadings? No. So all we have is a complaint. And we have nothing of verification. And now the defendant has submitted all kinds of affidavits and challenges. Now, our court says that becomes summary judgment. But there are other courts who say, and the Supreme Court seems to be there, this is simply a factual challenge. At that point, you don't get your complaint anymore. You've got to come forth with something to look at. And so that I can weigh it. There was nothing submitted. So why is the district court wrong? There was one thing submitted. And I think, again, I'll reiterate. The defendants conceded that that evidence was offered for background only. They did not oppose the motion of the strike. But the one thing that was submitted was the fact that Toyota had issued a recall in 19 states. That's what our complaint was based on. And that's some evidence that this defect is sufficiently likely to occur, that the car shouldn't be driven in those 19 states. That's something. I think at the pleading stage, that should be enough to at least get us a chance to do some discovery on the matter. Well, may I jump ahead for a second just to see where the case in your theory is going. And then it kind of relates back to standing. I mean, let's assume the case goes forward and you go to trial on it. And you prove that the warning recall notice was defective. What's the measure of damages per car? The repair? For repair or for the deal. For the offer to repair? Either for repair, to make them fix it, or to make them pay the difference between a car that could drive in all 50 states versus a car that could drive only in 19 less than 50 states. And I realize this is getting a little outside the record, but I just want to get a feel for this. How much does this repair cost? It takes about an hour. I don't know how much it costs, but my understanding is it takes about an hour. Okay. So they should have just done it. Well, perhaps. But, I mean, that's the question. They said they offered to do it in the other states. And it's a... And to be clear, they... You don't have plaintiffs now that are driving defective cars. And you could amend in probably people who do. But your contention is that if they knew that they could get... If they were sufficiently warned, they would have gone in. So it's kind of a... It's a circular... Right. Well... I mean, you're really arguing a warning case of defect, aren't you? Well, I don't think so. I mean, it's certainly... You can consider it that way and say, what happens if they would have put a warning on these cars before people bought it and said, look, you shouldn't drive these in 19 states or in some cold weather, or you might die. I mean, people wouldn't have bought the cars. And so, to some extent, you can see it that way. Even... Let me address the factual challenge point. Even... We have 10 days or something to respond to all that information from a company that has all the facts. So we at least should have been given a chance to amend additional factual information. We were denied that. We were given no chance to amend that. We're not even talking about amending, because your complaints down the river when they start challenging it with affidavits and the court starts looking at them, I'm talking about submit some affidavits so that the court then... You don't even have any presumption. You can't even in that situation even have a presumption that what you've alleged is true. You've got to put something in at that point, or you lose. Because, one, a factual complaint, your presumption from your complaint is lost. You don't have that anymore. Only if the factual challenge is properly submitted. It wasn't here. Right. I think the point was it's not a verified complaint, so that puts you in a little bit of a bind. You've got about 30 seconds left. Why don't you reserve that for... Thank you. We won't hear from Toyota. Good morning, Your Honors. Frederick Baker for Appley Toyota Motor Sales. I know of no case anywhere in the country that has found that a plaintiff has Article III standing to bring a product liability lawsuit where the defect has never manifested, there is no reasonable possibility that the defect will ever manifest, that the plaintiffs have never been at any risk of harm to person or property as a result of the alleged defect, and where the plaintiffs do not even allege that they have sustained any out-of-pocket expenses as a result of this issue. Well, if they'd asserted a theory, and I don't think they are, but if they'd asserted a theory that the value of the car had been diminished because it's been subject to recall, then that's economic injury, isn't it? Well... If. I'm saying if. If. I would submit that that is not a well-pledged allegation of fact to begin with. It is a conclusory statement. Well, let's assume that they have some expert who's willing to opine that a car that's subject to this type of defect is worth less on resale. Well, but I think still there has to be some allegation of fact, a well-pledged allegation of fact that supports that expert opinion, and there is none here. Well, I know there is, and I'm just asking a hypothetical question. Okay. I mean, let's say the complaint is only for diminution in value of a car. It seems to me that's a sufficient injury that can be traceable for standing purposes. Don't you think? Well, I don't think that's all it says. I mean, we can contrast this case with a case they rely on very heavily in the reply brief, the sudden acceleration cases. And since they rely on it so heavily, let me back up and stay with the procedural posture of that case. The case that they cite in their reply brief, it was an order issued last November. There was a subsequent order issued in May that dealt with economic loss in standing. The district court then certified that question for interlocutory appeal. Here, the petition for permission to appeal has been fully briefed and is now pending here in the Ninth Circuit. But what the district court did in that case was say, look, there are some plaintiffs who have alleged specific facts which would support that kind of an economic loss theory. After this massive tabloid-like media coverage of the sudden acceleration claims, plaintiffs came and alleged, look, I couldn't sell my car after that. I sold it at a loss. The Blue Book plummeted. The Blue Book value plummeted. I took my car to the dealership and parked on the lot and had to buy another car. And the court said, well, that's okay. Those are allegations of sufficient exactitude to allow me to say that you properly allege an economic loss claim. As to those who just simply said, well, I think my car is worth less than it used to be. I don't know. I think we're in non-disagreement, if I understand your argument. Right. Okay. Was it standing or is it fair to state a claim? I'm sorry, Your Honor? I said, are we talking about standing or are we talking about fair to state a claim? I think we're talking about standing, Your Honor, in the sense that, as Judge Smith pointed out, we brought a factual challenge to this complaint and we alleged that we argued that under Birdsong, they had suffered no damage, no actual or imminent injury as a matter of law. Just based on the fact that their cars, the two named plaintiff's cars, had been repaired? Based on that fact. Those were the only facts, right, that you were establishing outside of the pleadings. Is that right? That's true. But the pleadings, we allege, say in insufficient detail, well, we think our cars are less. We don't think that's sufficient to plead an economic loss. And we think at that point the plaintiffs had the burden, if they believe, if they in fact believe that, to submit affidavits saying why they had, why this economic theory would hold water. I mean, it is their burden to establish jurisdiction. It's their burden to establish standing. When we made a factual challenge to the plaintiff's jurisdiction, or the court's jurisdiction, the plaintiff's standing, they had an obligation at that point to come forward and establish why jurisdiction was proper. If that's clear cut, you're right. But the argument that's been made on the other side is that when you're proceeding through this process, which you know can be fairly complex, even though it's an early on stage where you're dealing with factual information, and sometimes there's even discovery that takes place before you get to that point if you're doing a factual challenge. He's saying that you are proceeding based on the pleadings, except that before the court there was this understanding where you had pressed the issue that the two named plaintiffs had their cars repaired. Beyond that, there was no apparent sense that the rest of this was on the challenge from a factual standpoint. Well, it was under challenge in the sense that we said that under the analysis of Birdsong and the allegations of the complaint as pled, plaintiffs had failed to establish standing. As pled. Right. And so in our view, I mean, it would have been the work of a moment for them to bring their clients in and prepare an affidavit. No, but when you say as pled, that has meaning to me. Because if you say as pled, then you're looking at the pleadings. If you clearly make a factual challenge that goes beyond the pleadings, then that's something different in my mind. Well, we did two things. I mean, we made the factual challenge on the basis that the plaintiff's cars had been repaired. And we also said that under Birdsong, there is no economic loss based on the allegations of the complaint as a matter of law. And that, I think. As pled? As pled. That's correct, Your Honor. All right. But at the end of the day, I mean, as I look at the bigger picture of this thing, so this complaint goes away. They find a plaintiff in Utah who doesn't get the car repaired, and you're back in the same situation. I mean, that's not much of an amendment to allow in the district court level to cure some of the defects in this pleading. I mean, when you look at this, I mean, it looks like a curable pleading problem to me. And then my question is, all right, well, why shouldn't they get a second bite at the apple and see if they can plead something? Well, Your Honor, they had three opportunities at the district court level to tell the court how they could amend to properly state a claim. They could have filed a proposed second amended complaint when they, as is the practice and in some places the requirement in opposition to our motion of dismiss, they didn't do that. They could have set forth in their opposition to our motion of dismiss how they would amend to properly plead a claim. They didn't do that. And the district court, before the hearing on this motion, sent out questions to counsel and said specifically, how would you amend if I gave you the opportunity to state a claim? They didn't make any argument of any change in the allegations that they could make that would be material to the outcome of this motion, zero. And in their opening brief here, they didn't state anything that they could, any way they could amend their complaint in order to properly state a claim. It wasn't until their reply brief that they said, well, we can better state our claim for economic loss. It's far too little, far too late. The district, they did not give the district court any reason to believe that they could properly amend this complaint to allege a viable claim. My worry, I guess, back to standing is this, and counsel, if you can help me. It seems to me that the law is pretty straightforward that if you make a factual challenge to the complaint, then the plaintiff has to come forward with factual information to withstand the factual challenge. My worry is that in this particular matter, the factual challenge was made, but then the facts that would challenge the economic value were then struck by the court. In other words, there's only argument after that. There's only facts that would have, if you will, hit that economic argument, the value of the car changed, were struck by the court, and I understand it, with your permission. At that point, if you've allowed any factual challenge to be struck by the facts submitted, why is it now again a factual challenge? And what case do I look at? Because that's what I really focused on. Your Honor, the factual challenge that we agreed the court would not look at didn't have anything to do with the economic loss theory. That simply went to the conditions under which this alleged defect could conceivably occur. I mean, we made the argument that under Birdsong, his claim was barred. As the district court noted in its order, plaintiffs not only didn't submit any argument in opposition to that motion or that argument, they didn't submit any evidence in support of this economic loss claim. Well, but here's the way I look at it. Maybe I'm just trying to be the devil's advocate, but nonetheless, I'm worried. If one wanted to make a factual challenge of their economic argument, it seems to me one should submit on your side a couple affidavits which would suggest there is no change of value. There is nothing to be done here. And then at that point, you have submitted enough facts to put it to be a factual challenge. I didn't see that any place either. All I saw was an argument on Birdsong, and I guess my real issue then was, is this really something where I give the benefit to the plaintiff of his complaint, as Lou John would make me, or do I then make the plaintiff come forward? Now, what case can I look at to make that decision? I don't have a citation for you, Your Honor, but I would say that our position was that there was no well-pled allegation of fact. That's a conformably Iqbal argument. Correct. I'm not on that argument. Okay. And, Anne, in the absence of a well-pled allegation of fact, the burden was upon them, as it always is, to establish if they believe there was an economic loss through admissible evidence or through an affidavit of some sort which would meet their burden of establishing standing and consequently Article III jurisdiction. You think the law is that all you have to do is say that this is going to be a factual challenge, and then that triggers an obligation on the other side to come forward and produce evidence somewhat of the type they might have to produce at trial, maybe less, and then if they don't, they lose, even if you present nothing? I think if we make a factual challenge on the basis that the plaintiffs have not sustained any injury, they've not sustained any damage, there is no well-pled allegation of fact in the complaint which suggests that they have sustained any Article III actual or imminent injury, then, yes, the burden is just to them to establish Article III standing by proof of injury. That is our position, Your Honor. You know, I must say, and I've got to, I just want to let you have a chance to respond. I sat on the Birdsong panel, as you probably know. I just don't see Birdsong as being totally analogous to this case, and let me tell you why. I mean, in this case, you have an admitted product defect that's sold. So the product's in defective condition when the plaintiffs receive it. You repair the defect. Now, Apple denied that they had a defect in Birdsong. They said this product is fit for its intended use. It's only through misuse that the injury could occur, and we have no evidence that any of your plaintiffs have misused the product and have suffered hearing loss. Here, you know that it's defective from the beginning. If it's driven in cold conditions, damage will occur. And, in fact, they were damaged because they got a defective car. Now, your argument is, well, we repaired it, and now it's fine. But it seems to me those are fundamentally different ideas about injury in fact. Toyota does not concede that this car sold to someone in Antioch or Los Angeles who has no plans to drive to Alaska is defective. It is not defective now, was not defective before the repairs, and certainly isn't defective now. The reason I think it's analogous to Birdsong on the issue that you're discussing, Your Honor, is that there is no allegation in the complaint that every purchaser of these vehicles did not receive the notice. There is no allegation that anybody failed to read and understand the notice. So if anybody failed to follow what I view are clear, unambiguous instructions in that notice, then they did so as a matter of choice. But that's a defense. I'm not sure that's a standing defense. I mean, that's a defense of the adequacy of the warning. I view that as somewhat different from standing. I do not, Your Honor. Because their argument, I don't want to let you finish, but their argument appears to be, look, you didn't send out a warning in clear and ambiguous words that people could understand and appreciate. You should have sent out a different warning. He hasn't pleaded this way, but it's sort of a warning defect case. You're saying our wording is perfectly adequate. To me, that's somewhat different from a standing allegation. I'm not making my question very clear, but I think you get the gist of it. Well, I think it is, Your Honor, because there is no allegation of fact. I mean, it's one thing for a lawyer to say, you know, pleading, I think this is misleading. That's not necessarily a question of fact where there's no allegation of fact in the complaint. So we could conclude there's no standing based on the complaint itself. You're saying we could forget the factual challenge. You keep referring back to the complaint. Well, because I've asked questions about it, Your Honor. But I do – I'm out of time, I know. That's all right. But to get back to the – what one of their primary arguments has been, that we somehow picked off these plaintiffs, the factual challenge of the complaint was that these folks' vehicles had been repaired, they're non-defective, they have no standing to bring this lawsuit. They argued that below – they didn't argue it in their opening brief here, although they tried to raise it again in their reply brief. There's simply no evidence of that fact. When we made that factual challenge on that basis, if in fact it was true that we somehow secretly or surreptitiously, you know, picked them off in order to avoid standing, it would have taken a moment for them to submit an affidavit on that point. They didn't do it. And so it's wrong factually because they didn't put it in issue. They didn't provide evidence of it. And it's wrong on the merits. A pickoff claim occurs when a defendant offers full value to named plaintiffs that's an unsolicited offer for the purpose of avoiding an obligation to the class. That principle can have no possible application here where we have made the same offer to every single member of the putative class to fix these vehicles for free regardless of whether or not they're planning on driving to cold temperatures. So why don't you just solve the problem by giving up – offering everybody a chance to come in? I mean, you've got Utah. I fly through Utah almost weekly, and it's well below zero there most of the year. That's exactly what we did. That's exactly what we did. The notice offers the repair free to everyone in the country. I know, but the notices were different for the 19 states that you deemed cold weather states. If that's the only difference in this case, you send out a new notice, and that's the end of it, isn't it? Why don't you just do that? You don't have to answer that. All right. That's rhetorical. I'll give you one minute, but that's it. I'll try to make it maybe even quicker than that. We didn't raise the issue of picking off in our opening brief here because the lower court didn't decide on that basis. It rejected that argument improperly. So just a quick thing on Birdsong. Those cases are all distinguishable because those – Birdsong and Bumbo folks were warned, and because the alleged defect didn't impair the fundamental purpose of the product. Here it did. So I think that's the difference in those cases. Thank you, counsel. Thank you. Very interesting case. Thank you both for your arguments and briefing, and it will be submitted for decision.
judges: Oliver, Thomas, Smith